The judgment of the court was pronounced by
Rost, J.
The heirs of Benjamin Story, of whom the plaintiff is one, caused a judicial sale of the property comprising his succession to be made for the purpose of effecting a partition.
The question presented by this case is, whether two valuable mirrors, found in one of the rooms of his dwelling house, passed under the adjudication of the house made to the defendant. The district court held that they did not, and he has appealed.
The plaintiff alleges and has shown, that at a previous sale of the movable effects of the succession the mirrors were adjudicated to her, but as the knowledge of that fact is not brought home to the defendant, we have only to inquire whether, under art. 459 of the code, they had been attached permanently to the building by the deceased; if they were, the defendant has acquired them. It is shown that they were not affixed to the building with plaster or mortar, and that they could be removed without being broken or injured. It is further contended by the appellee that they might have been removed without breaking or injuring the part of the building to which they were attached, and that, as this case comes under none of the provisions of art. 460 of the code, the judgment should be affirmed.
On this question of facts the testimony is conflicting, and if the cases specified in art. 460 could be construed as limiting the general disposition of the preceding article, we would pay great deference to the opinion to the district judge; but we do not think this interpretation can be sustained. Art. 459 provides that all such movables as the owner has attached permanently to the building are immovable by destination; it embraces all cases in which the movable has been placed by the owner ad integrandum domum; and when none of the presumptions established by art. 460 exist, the fact may be shown by any competent evidence. 2 Toullier p. 8, No. 16, 4 Duranton, p. 63, No. 68.
It is shown in this case that, after Mr. Story purchased the mirrors, recesses four and a half inches deep were cuj in the walls of the room to receive them ; that they were placed in those recesses and secured in their places by means of architraves or large wooden frames, which were nailed to plugs of hard wood fastened in the wall. The frames of the mirrors had grooves in them corresponding to a tongue in the architrave, and nails were driven from one to the other to make the glass more secure. The recesses were left rough and unfinished; the glasses and architraves being clearly intended as a permanent finishing of the wall. It is difficult to conceive a case more strictly within the letter and spirit of art. 459 of the code.
The code of France provides that if a niche is made in a wall to receive a statue, the statue placed there, though in no manner attached to the building, *718 becomes immovable by destination ; and such we believe was the Roman law. This is a much stronger case for the application of the rule.
It is therefore ordered, adjudged and decreed, that the judgment of the court below be reversed, and that there be judgment in favor of the defendant, with costs in both courts.